Allan J. Cory SBN: 224289
Email: cory@sonic.net
LAW OFFICE OF ALLAN J. CORY
740 4th Street,
Santa Rosa, CA 95404
Office: 707-527-8810
Fax:     707-921-7375

As attorney for
Bryan Long and Kim Long

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SANTA ROSA DIVISION

| | |
|---|---|
| In re: | Case No.: 20-10381 CN 7 |
| FIRST INTERSTATE CONTRACTORS, | Chapter: 7 |
| INC. | MOTION FOR RELIEF FROM THE AUTOMATIC STAY |
| Debtor. | DATE:    October 7, 2020 |
| | TIME:    11 am |
| | LOCATION:    U.S. Bankruptcy Court |
| | 99 South E. Street |
| | Santa Rosa, CA 95404 |
| | HON. CHARLES NOVAK |

## **MOTION**

Bryan Long and Kim Long ("Movant") moves this Court for an Order terminating the Automatic Stay of 11 § U.S.C. § 362 as to Movant so that Movant may obtain or cause the recovery of the building permits on file with the City of Santa Rosa, CA that are currently in the name of Debtor and by doing such thereby resume construction of Movant's residential home located at 1929 San Salvador Drive, Santa Rosa, CA (the "Property").  The Property was destroyed during recent North Bay fires, and while only approximately half-way completed, was scheduled to be fully completed on or about June 23, 2020. Movant seeks through this Motion to

-1-

avoid the irreparable harm, increased costs, and continued unnecessary delay in completing construction of the Property.

This motion is based upon this Notice, documents on file with the Court, the declaration of Bryan Long, and the following Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     FACTUAL SUMMARY**

1. Debtor and Movant entered into a Residential Construction Contract (the "Contract") on or about May 24, 2020. The Contract amount to be paid by Debtor to Movant was in the amount of $650,000. On or about the date of the instant case filing Debtor had paid to Movant the amount of $359,934.78 and, at the time of the case filing the work contracted for was approximately 50% complete despite a Contract representation made by the Debtor that all work would be substantially complete by June 23, 2020. Debtor has performed no work on the Property after the case filing.

2. Movant filed a Proof of Claim in this case for the amount of $178, 016. 98 (Claim # 7-1) and has since such time incurred additional costs to cure mechanic's liens placed upon the Property by subcontractors of the Debtor in the amount of $10,578.81.

3. Movant has attempted to resume work for the finishing of Property construction but is unable to engage another building contractor while the permits for Property construction remain in the name of the Debtor and, while efforts have been made to obtain a permit release form the Chapter 7 Trustee and from Debtor's counsel, has been unable to obtain such. Therefore

Movant seeks relief to the extent necessary to allow for the recovery of the building permits associated with the Contract and the Property which remain in the name of the Debtor.

4.  The trustee in this case failed to assume the Contract within 60 days of the case filing pursuant to 11 U.S.C. § 365(d), and ultimately obtained an order for the abandonment of the Debtor's property on September 1, 2020 (Dkt. #25).

## II. RELEVANT LAW

### A. EFFECT OF TRUSTEE FAILURE TO ASSUME CONTRACT

5.  The Trustee, in failing to expressly assume an executory within the time required the contract within the time required the contract is deemed rejected,11 USC § 365(d)(1). The rejection of an executory contract or unexpired lease of the debtor constitutes a breach of such contract or lease, 11 U.S.C. § 365(g). However, under California law, a breach of contract is not tantamount to termination. "A breach does not terminate a contract as a matter of course, but is a ground for termination at the option of the injured party. Thus a finding of termination is not one which must be implied from a finding of a breach." <u>Whitney Investment Company v. Westview Development Company</u>, (1969) 273 Cal.App.2d 594 (internal citations omitted.). Therefore Movant is required to take further action to obtain Property permits associated with the Contract.

### B. EFFECT OF TRUSTEE ABANDONMENT OF EXECUTORY CONTRACT

6.  Because the Property at the time of the instant case filing was only approximately 50% completed and required both further payment by the Movant and further performance by the Debtor, the Contract was "… so far unperformed that the failure of either party to complete

-3-

performance would constitute a material breach excusing the performance of the other". <u>In Re Frontier Properties, Inc.</u> (9th Cir. 1992) 979 F.2d 1358. Executory contracts are property of the bankruptcy estate. <u>In re Computer Communications, Inc.</u> (9th Cir.1987) 824 F.2d 725, 730.

7. The Trustee, upon noticed motion obtained an order for the abandonment of Debtor's property, including within, the abandonment of any interest in the Contract and, "…Upon abandonment, the debtor's interest in the property is restored nunc pro tunc as of the filing of the bankruptcy petition..." Catalano v. C.I.R. (9th Cir. 2002) 279 F.3d 682. Because the Contract is now Property of the Debtor (along with its associated building permits), relief from the automatic stay may be required for Movant to obtain control over the building permits and resume construction. In Re Gasprom, Inc. (B.A.P. 9th Cir. 2013) 500 B.R. 598, 604.

### C. MOTION MAY <u>NOT</u> BE REQUIRED

8. Despite the foregoing, while the automatic stay is broad in scope and exemptions should be read narrowly, <u>Sternberg v. Johnston</u> (9th Cir. 2009) 582 F3d 1114, 1119 , the automatic stay provisions should be construed no more expansively than is necessary to effectuate legislative purpose, <u>In Re Chugach Forest Products, Inc</u>. (9th Cir. 1994) 23 F.3d 241, 245.

9. Arguably, and because entities for the Debtor under 11 USC §§§ 365(a)(5),(6) ,(7) may be applicable in relation to the Contract and the building permits, Movant seeks relief only to the extent that such may be required.

//

//

-4-

MOTION FOR RELIEF FROM AUTOMATIC STAY

Case: 20-10381    Doc# 26    Filed: 09/23/20    Entered: 09/23/20 11:08:02    Page 4 of 6

### D. STANDING AND CAUSE

10. Movant's claim in this case (7-1) is for unsecured debt. Generally speaking an unsecured creditor lacks standing to bring a motion for relief from stay, particularly for a cause of the lack of adequate protection (*see e.g.* In re Garland Corp. (Bankr. Mass. 1980) 6 B.R. 456, 3 C.B.C.2d 24 ). However, where, a creditor plausibly alleges facts that show an interest in the property, a significant likelihood of injury to that interest from lifting the stay, the court may consider the motion (*see* In Re Lopez-Soto (1st Cir. 1985) 764 F.2d 23 for discussion of these and other factors when deciding the right to intervene). Here the Contract calls for the Debtor to maintain insurance on the Property and (inherently) to be present on the Property overseeing its progress and stability. Movant is informed and believes that Debtor has no insurance protection for the Property and because Movant has not performed any work since the filing of this case, is not present or overseeing the Property, and therefore Movant is without adequate protection.

11. Furthermore, because Movant alleges Debtor owes to Movant far more than Debtor's profit expectancy, there can be no finding of equity in the Property and, as a Chapter 7 case the Property is not necessary for an effective reorganization. 11 USC §362(d)(2).

### III. CONCLUSION

12. For the reasons set forth above Debtor is entitled to relief from the automatic stay to the extent necessary for Debtor to cause and obtain those Property building permits associated with the Contract on file with the City of Santa Rosa, CA Planning and Economic Development Department and to cancel those permits associated with the Property and the Contract that are on file with the same agency in the Debtor's name.

WHEREFORE, Movant prays for an order as follows:

(1) For an Order granting relief from the automatic stay to the extent such is required for the purpose of;

(2) Movant's obtaining or cause to be obtained permits for the Property with the Santa Rosa, CA Planning and Economic Development Department to be in the Movant's or in the Movant's agent(s)' names;

(3) Movant's cancellation or cause to be cancelled permits for the Property which are on file with the Santa Rosa, CA Planning and Economic Development Department which are in the Debtor's name;

(4) For an Order waiving the 14-day stay provided by Bankruptcy Rule 4001(a)(3);

(5) For such other relief this Court deems appropriate.

Respectfully Submitted;

Dated: 09/23/20         By: /s/ Allan Cory
                        Attorney for Movant

-6-

MOTION FOR RELIEF FROM AUTOMATIC STAY